IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff/Respondent, § § v. § § JOSEPH LAMAR BROUSSARD, § § Defendant/Petitioner. § | CIVIL ACTION NO. H-16-3178 (CRIMINAL NUMBER H-10-412-07) |

**MEMORANDUM OPINION AND ORDER**

On October 24, 2016, defendant, Joseph Lamar Broussard, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Civil Action No. H-16-3178) (Docket Entry No. 571).[1] The United States has filed a Motion to Dismiss and Memorandum in Response to § 2255 Motion (Docket Entry No. 575), to which Broussard has filed a Reply to United States Motion to Dismiss and Memorandum to Broussard's 2255 Motion (Docket Entry No. 576).

On June 4, 2012, Broussard filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("First § 2255 Motion") (Docket Entry No. 392). The First § 2255 Motion was assigned Civil Action No. H-12-1699. On October 10, 2012, the court entered a Memorandum Opinion and Order (Docket Entry No. 425) granting the United States' Motion for

---

[1]All docket entry references are to Criminal No. H-10-412.

Summary Judgment and a Final Judgment dismissing Civil Action No. H-12-1699 with prejudice (Docket Entry No. 426). On January 3, 2013, the Court of Appeals for the Fifth Circuit denied Broussard a certificate of appealability to appeal the dismissal of his First § 2255 Motion (Order, Docket Entry No. 447).

28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

This provision and 28 U.S.C. § 2244(b)(3)(A) act as a jurisdictional bar to a district court's consideration of a successive habeas petition until the court of appeals has authorized the district court to consider it. Because Broussard's pending § 2255 Motion is successive and Broussard has not obtained authorization from the United States Court of Appeals for this court to consider it, the court will dismiss the motion as successive.

In his § 2255 Motion and his Reply Broussard argues that he is entitled to seek relief under United States Sentencing Guidelines Amendment 794, which was not issued until after the

dismissal of his First § 2255 Motion had become final. Amendments to the Sentencing Guidelines do not apply retroactively unless the United States Sentencing Commission determines that the amendment is to apply retroactively. See United States Sentencing Guidelines §§ 1B1.10(a)(2)(A) and (d). Because Amendment 794 is not listed in § 1B1.10(d), the amendment does not apply retroactively and, therefore, provides Broussard no basis for relief. For the same reason, Amendment 794 provides no justification for filing a successive § 2255 motion without obtaining the authorization of the Court of Appeals.

Accordingly, the United States' Motion to Dismiss (Docket Entry No. 575) is **GRANTED**; Broussard's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 571) is **DENIED**; and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 10th day of January, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE